UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNA MALAIVANH,<br><br>Plaintiff,<br><br>v.<br><br>HUMPHREYS COLLEGE; JESSE DE LA CRUZ; JDS CONSULTATION, INC.; and, DOES 1 through 100 inclusive,<br><br>Defendants.[1] | No. 2:16-cv-01081-KJM-GGH<br><br><br>ORDER |

Plaintiff Leanne Malaivanh brings claims for sexual harassment, retaliation, sexual assault, and negligence against Humphreys College ("Humphreys") and two other defendants. Humphreys now moves to dismiss the complaint and, in the alternative, moves for a more definite statement.[2] Humphreys Mot., ECF No. 8. Defendants Jesse De La Cruz (De La Cruz) and JDS Consultation, Inc. (JDS) also jointly move to dismiss. JDS Mot., ECF No. 20. Ms. Malaivanh opposes both motions. Opp'n Humphreys Mot., ECF No. 10; Opp'n JDS Mot., ECF No. 22. Humphreys replied, ECF No. 13, but JDS and De La Cruz did not.

---

[1] Plaintiff mistakenly sued JDS Consultation, Inc. as "JSD Consultation, Inc." After clarifying the error at hearing, this caption now reflects the entity's proper name.

[2] The court stayed the case on September 20, 2016, ECF No. 15, and dismissed Humphreys' motions, subject to renewal, ECF No. 16. On November 4, 2016, Humphreys properly renewed its motions. Not. of Renewal, ECF No. 19.

1

On January 13, 2017, the court held a hearing on both motions; Phillip Mastagni appeared for plaintiff; Loren Lunsford for defendants Jesse De La Cruz and JDS; and William Trinkle for defendant Humphreys. Mins, ECF No. 26. As explained below, the court GRANTS both motions to dismiss.

I. BACKGROUND

A. Parties' Employment Relationship

Ms. Malaivanh studied criminal justice at Humphreys, a private college in Stockton, California. *See generally* Compl., ECF No. 1. Ms. Malaivanh does not allege that she ever worked directly for Humphreys. Rather, she alleges, on information and belief, she "was employed by all three defendants, *id*. ¶ 15, and the named defendants were "the agents, representatives, servants and/or employees of every other [d]efendant, who was a principal, master, and/or employer of each other [d]efendant, and every [d]efendant was acting within the course and scope of said agency, authority, and/or employment," *id*. ¶ 9.

While a student at Humphreys, Ms. Malaivanh briefly worked as an assistant to Jesse De La Cruz, who she alleges does business on defendant corporation JDS's behalf. *Id*. ¶ 6. Ms. Malaivanh asserts the assistant position was "held out as both an internship for school credit and as a paid part time job" and as an "opportunity toward advancement in the study of [c]riminal [j]ustice." *Id.* ¶ 16. The complaint does not state the length of employment, but describes it as "general clerical and reception duties such as appointment scheduling, photo copying, making travel arrangements, and answering phones." *Id*. ¶ 6.

B. Claims

Ms. Malaivanh alleges that beginning in August 2015, De La Cruz repeatedly sexually harassed and assaulted her. *Id.* ¶ 18 A–G. She then alleges Humphreys retaliated against her after she complained about De La Cruz's conduct. *Id.* ¶ 19. On May 20, 2016, she filed suit against Humphreys, De La Cruz and JDS, pleading ten claims:

- Harassment (First Claim) and retaliation (Second Claim) against all three defendants under Title VII of the federal Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000.

/////

2

- Harassment (Third Claim) and retaliation (Fourth Claim) against all three defendants under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940 et seq.
- Intentional Infliction of Emotional Distress (Fifth Claim), Negligent Infliction of Emotional Distress (Sixth Claim), and Negligence (Seventh Claim) against all three defendants.
- Sexual Battery (Eighth Claim) and False Imprisonment (Ninth Claim) against De LaCruz and JDS.
- Aiding and abetting harassment under the FEHA (Tenth Claim) against Humphreys.

Compl. ¶¶ 23–85.

Humphreys and JDS/De La Cruz now move to dismiss Ms. Malaivanh's federal claims under Rule 12(b)(6) because, they say, they are not her "employers" under Title VII.

## II. LEGAL STANDARD FOR 12(B)(6) DISMISSAL

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant such a motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes the allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Accordingly, conclusory or formulaic recitations of a claim's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Rule 12(b)(6) assessments are context-specific, requiring courts to draw on "judicial experience and common sense." *Id.* at 679.

/////

/////

III. DISCUSSION

As noted, Ms. Malaivanh brings her first two claims against all three named defendants under Title VII of the Civil Rights Act of 1964. *See generally* Compl. ¶¶ 23–32. Title VII protects certain classes of plaintiffs against harassment and retaliation from their employers by making it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

To establish a prima facie case of retaliation or harassment under Title VII, Ms. Malaivanh must show she had an employment relationship with the party who carried out the discriminatory or retaliatory conduct. *See generally* 42 U.S.C. § 2000e-2(a). Also, she must show the defendant meets the statutory definition of an employer, which is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C § 2000e(b).

Here, all three named defendants contend the court should dismiss Ms. Malaivanh's Title VII claims under Rule 12(b)(6), but each argues for slightly different reasons. JDS and De La Cruz claim they do not meet the Title VII definition of an employer, while Humphreys argues the complaint does not plead any employment relationship between it and Ms. Malaivanh.

A. Whether JDS or De La Cruz Meet the Definition of an Employer

Ms. Malaivanh's complaint does not allege that either De La Cruz or JDS meets Title VII's definition of an employer, nor does her opposition brief explain why she has not made these necessary allegations. *See generally* Compl.; Opp'n JDS Mot. De La Cruz and JDS contend they do not meet the definition of employer independently or jointly because they did not employ fifteen employees on each working day for twenty calendar weeks of the current or preceding year. *See* 42 U.S.C § 2000e(b). At hearing, Ms. Malaivanh's counsel conceded she does not know of any facts that she could plead to bring JDS or De La Cruz within this definition.

/////

4

Although the complaint lumps defendants together, alleging "Ms. Malaivanh was employed by all three defendants" and they were "the agents, representatives, servants and/or employees of every other [d]efendant," Compl. ¶¶ 9, 15, Ms. Malaivanh cannot escape her pleading requirements through this unsupported legal conclusion. *See Iqbal*, 556 U.S. at 678 (explaining the need for "sufficient factual matter" to make the claim at least plausible) (citing *Twombly*, 550 U.S. at 555).

Accordingly, the court GRANTS De La Cruz and JDS's joint motion to dismiss Ms. Malaivanh's Title VII claims (claims one and two).

B.  Whether Humphreys Ever Employed Ms. Malaivanh

Humphreys argues that, although it meets Title VII's definition of an employer generally, it never formed an employment relationship with Ms. Malaivanh, so her Title VII claims against it cannot survive. Humphreys Mot. 7. Ms. Malaivanh contends her complaint includes sufficient facts to plead a "joint employment relationship" between Humphreys and De La Cruz/JDS such that Humphreys also qualifies as her employer. Opp'n Humphreys Mot. 6.

Two or more employers may be considered "joint employers" if both employers control the employee's terms and conditions of employment. *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002); *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997); *N.L.R.B. v. Browning-Ferris Indus. of Pennsylvania, Inc.*, 691 F.2d 1117, 1123 (3d Cir. 1982); *see also Boire v. Greyhound Corp.*, 376 U.S. 473, 475 (1964) (explaining whether employers are joint depends primarily on whether they exercised common control over the employees).

Ms. Malaivanh and Humphreys agree that to establish a "joint employment" relationship, the complaint must allege facts satisfying the following elements: (1) The nature and degree of control each employer had over the others' employees; (2) day-to-day supervision and discipline over each other's employees; (3) authority to hire and fire the employee and to set employment conditions; and (4) control over employment records and over methods and amounts of payment of the other's employees. Humphreys Mot. 12 & Opp'n Humphreys Mot. 6 (both citing *Wynn*, 234 F. Supp. 2d at 1093); *see also Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir.

5

1997) (listing the same factors in the Migrant and Seasonal Agricultural Worker Protection Act context).

Here, the complaint details no allegations to support a "joint employer" relationship. As noted above, Ms. Malaivanh merely alleges that "on information and belief, [she] was employed by all three defendants," Compl. ¶ 15, and the named defendants were "the agents, representatives, servants and/or employees of every other [d]efendant," *id.* ¶ 9. Ms. Malaivanh argues the allegation that "[d]efendants – plural, meaning all of the defendants collectively – held out the position as a job for which Ms. Malaivanh would be paid," sufficiently shows a "joint employer" relationship. Opp'n Humphreys Mot. 5 (citing Compl. ¶ 16).[3] These allegations do not establish a plausible "joint employer" relationship. *See Wynn*, 234 F. Supp. 2d at 1093; *Swallows*, 128 F.3d at 993; *N.L.R.B.*, 691 F.2d at 1123; *see also Boire*, 376 U.S. at 475. Ms. Malaivanh does not allege she was required to have daily contact with or report to Humphreys, that Humphreys had a prior relationship with De La Cruz/JDS, or that Humphreys had any involvement in the decision to hire her. The complaint does not include any allegations illustrating that Humphreys and JDS/De La Cruz had authority to control, supervise, hire and fire, discipline, pay, or keep employee records for each other's employees. Ms. Malaivanh's complaint likewise does not support her contention that Humphreys had an "agency relationship" with JDS/De La Cruz.

As it stands, Ms. Malaivanh's complaint does not sufficiently plead any form of joint employment making Humphreys an appropriate defendant to a Title VII claim based on De La Cruz's conduct. Plaintiff's unsupported legal conclusions to the contrary cannot withstand dismissal. *Iqbal*, 556 U.S. at 678. Accordingly, the court GRANTS Humphreys' motion to dismiss Ms. Malaivanh's Title VII claims.

/////

---

[3] Over Ms. Malaivanh's objection, Humphreys asks the court to judicially notice the flyer purporting to hold the job out as an internship opportunity. *See* RJN 3, ECF No. 8-3. The complaint does not withstand dismissal regardless of the flyer's content. The court does not reach Humphrey's request.

## IV. LEAVE TO AMEND

At hearing, plaintiff requested leave to amend her complaint. Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In a Rule 15 analysis, a court considers any potential bad faith, delay, or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, Rule 15(a) carries a strong presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, there is at least a possibility plaintiff could cure her pleading to allege the named defendants independently meet Title VII's employer definition or that they have an agency employment relationship. Defendants have not shown any undue prejudice that allowing amendment may cause, and in its briefing Humphreys specifically requested in the alternative a more definite complaint. *See* Humphreys Mot. at 6.

Accordingly, the court GRANTS plaintiff's request to amend her complaint.

## V. CONCLUSION

The court GRANTS both motions to dismiss the complaint, with leave to amend. Any amended complaint shall be filed within fourteen (14) days of the filed date of this order.

This order resolves ECF Nos. 8, 20.

IT IS SO ORDERED.

DATED: April 11, 2017.

_____
UNITED STATES DISTRICT JUDGE