UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNA MALAIVANH,<br><br>Plaintiff,<br><br>v.<br><br>HUMPHREYS COLLEGE; JESSE DE LA CRUZ; JDS CONSULTATIONS, INC.; and, DOES 1 through 100 inclusive,[1]<br><br>Defendants. | No. 2:16-cv-01081-KJM-GGH<br><br>ORDER |

Plaintiff Leanne Malaivanh brings claims against Humphreys College for Title VII harassment and retaliation and a series of related state-law claims against defendant Jesse De La Cruz and De La Cruz's employer. De La Cruz counterclaims against plaintiff for illegally

---

[1] The Ninth Circuit provides "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Plaintiff is cautioned that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie,* 629 F.2d at 642). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within 90 days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1

recording him during the same relevant time period. De La Cruz filed this state-law counterclaim two years after the alleged recording happened; the statute of limitations for the claim is one year. Plaintiff moves to dismiss it as untimely. Mot., ECF No. 39. De La Cruz opposes. Opp'n, ECF No. 41. The court heard the motion on June 30, 2017. Mins, ECF No. 46. As discussed below, the court DENIES plaintiff's motion.

I. BACKGROUND

    A. Parties' Employment Relationship

Plaintiff studied criminal justice at Humphreys, a private college in Stockton, California. First Am. Compl., ECF No. 33 ¶ 15. She briefly worked as an assistant to Jesse De La Cruz, performing "general clerical and reception duties." *Id*. ¶¶ 6, 17. Plaintiff alleges De La Cruz sexually assaulted and harassed her while she worked for him. *Id.* ¶ 18. She brings federal harassment and retaliation claims against Humphreys and a series of related state-law claims against all three named defendants, as follows:

- Harassment and retaliation against Humphreys under Title VII of the federal Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000;
- Harassment and retaliation against all defendants under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940 *et seq.*;
- Aiding, abetting, inciting, compelling, or coercing acts forbidden by Cal. Gov't Code § 12900 *et seq.*, against all defendants;
- Sexual Battery and False Imprisonment against De La Cruz; and
- Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Negligence against all defendants.

*Id*. ¶¶ 35-101.

All named defendants answered the complaint. In his answer, filed May 10, 2017, De La Cruz counterclaimed against plaintiff for civil penalties based on her allegedly illegal recording. Counterclaim, ECF No. 34 at 11 (citing Cal. Penal Code § 637.2(a)). The claim is brief, alleging only that, "In or around August 2015, [] Malaivanh intentionally, and without the consent of [] De La Cruz, used an electronic recording device to record the confidential

2

communications of [] De La Cruz." *Id.* at 11:4-7. The parties agree the applicable statute of limitations for this counterclaim, which state law determines, is one year. Mot. at 2:21-23; Opp'n at 2:11-13. They disagree on which tolling rules apply.

II. <u>LEGAL STANDARDS</u>

A party may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) as time barred when "the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). Where a federal court's jurisdiction originates in federal law, but federal law does not create the rights at stake, the forum state's statute of limitations applies in all but a narrow set of "exceptional circumstances." *In re Sterba*, 852 F.3d 1175, 1180 (9th Cir. 2017) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

Here, the parties agree state law dictates the statute of limitations, but they dispute whether the court should apply California's tolling rules rather than federal common law's tolling rules to determine the counterclaim's timeliness. The answer may be dispositive because the state rules toll the counterclaim's statute of limitations from the moment Malaivanh filed her original complaint regardless of the counterclaim's factual relatedness to the complaint; federal law permits tolling only if the counterclaim and original complaint overlap factually.

A. <u>Choice of Law: What Tolling Rules Apply?</u>

The parties dispute whether *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938), governs the choice of law analysis here. Opp'n at 3-4; Reply at 2-3, ECF No. 44. It does. *Erie* provides that when deciding state-law claims through an exercise of diversity jurisdiction, federal courts must apply state substantive law and federal procedural law. *Erie R.R. Co.*, 304 U.S. at 78. Statutes of limitations are substantive for *Erie* purposes. *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 108-09 (1945). De La Cruz relies on *Erie* to argue state law determines his counterclaim's timeliness; Malaivanh argues federal common law governs this inquiry because *Erie* applies only in diversity jurisdiction cases, not in cases where, as here, the court's jurisdiction is predicated on a federal question and the state-law claims are merely supplemental.

Plaintiff's attempt to distinguish between supplemental and diversity jurisdiction for the purpose of identifying the applicable law here is unavailing. The *Erie* analysis is the same for state claims heard in federal court based on supplemental jurisdiction as it is for those based on diversity jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie* and explaining "if [considerations of judicial economy, convenience and fairness] a federal court should hesitate to exercise [supplemental] jurisdiction over state claims, even though bound to apply state law to them"); *see also Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir. 1990) (citing *Gibbs* to explain, "it is well settled that the application of *Erie* is not limited to cases in which federal jurisdiction is based on diversity of the parties, but is also extended to actions in which federal jurisdiction is conferred on pendent grounds to state law claims."); *see also In re Sterba*, 852 F.3d at 1180 (citing *Huynh*, 465 F.3d at 997, to explain even in federal question cases, state law statute of limitations and tolling rules apply).

Indeed, *Erie*'s logic applies equally to supplemental jurisdiction cases: "[R]ights enjoyed under local law should not vary because enforcement of those rights was sought in federal court rather than in the state court." *Ragan v. Merchs. Transfer & Warehouse Co., Inc.*, 337 U.S. 530, 532 (1949). So, when a "cause of action is created by local law, the measure of it is found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. It accrues and comes to an end when local law so declares." *Id.* (citations omitted). In sum, *Erie* applies here, and state substantive law governs the tolling question.

Plaintiff effectively concedes state law should govern the statute of limitations inquiry but then argues federal law should govern the tolling of that state limitations period. If the court applies a state statute of limitations, then it should also apply that state's tolling rules. *See Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) ("Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations.") (citation omitted); *cf. Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980) ("the policies behind *Erie* and *Ragan* control the issue whether, in the absence of a federal rule directly on point, state service requirements which are an integral part of the state statute of limitations should control in

an action based on state law which is filed in federal court"); *cf. also Ragan*, 337 U.S. at 532 (for statute of limitations purposes, federal courts should apply state law that identifies the "start date" of a lawsuit using the time of service, not the federal rule that sets the start date as when a complaint is filed). At hearing, plaintiff's counsel could cite no authority in which a court applied a state statute of limitations but federal tolling rules.

De La Cruz's state-law counterclaim is subject not only to California's statutes of limitation, as plaintiff concedes, but also California's tolling laws.

B.   Applying California's Tolling Rules

When determining what California tolling rules require, this court is bound by the decisions of the highest state court. *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 154 (9th Cir. 1992). If the state's high court has not decided an issue, as here, the court must predict how that court would resolve it. *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 186 (9th Cir. 1989) (citations omitted).

A state appellate court recently has provided an apt description of the state tolling law in deciding whether filing a lawsuit tolls all counterclaims, regardless of their factual relation to the main action: "[The statute of limitations] is a bar to the defendant's affirmative claim only if the period has already run when the complaint is filed. The filing of the complaint suspends the statute during the pendency of the action, and the defendant may set up his or her claim by appropriate pleading at any time." *See ZF Micro Devices, Inc. v. TAT Capital Partners*, *Ltd.*, 5 Cal. App. 5th 69, 84-85 (2016) (internal citations omitted), *as modified* (Nov. 30, 2016)[2]; *cf. Ragan*, 337 U.S. at 532 (federal courts should apply state law tolling rules).

At this stage it is unclear if De La Cruz's counterclaim relates factually to plaintiff's primary action. Therefore, it is necessary to consider whether the state tolling rule applies only to both factually related or compulsory, and factually unrelated or permissive counterclaims. As the court in *ZF Micro Devices* explained, amendments to the relevant state rules trigger some confusion in this area. Before 1971, California's statutory scheme assigned the

---

[2] The California Supreme Court declined to review this case on February 15, 2017.

5

label "crossclaim" to what the federal law labels "compulsory counterclaim," meaning only those clams that factually relate to the main cause of action. *See* Cal. Code Civ. Proc. §§ 438, 442; *ZF Micro Devices*, 5 Cal. App. 5th at 85. In 1971, California's statutory scheme broadened "crossclaim" to include factually unrelated or permissive claims. *See* Cal. Law. Revision Com., Stats. 1971, c. 244, § 23, p. 378); *ZF Micro Devices*, 5 Cal. App. 5th at 85 (citing new 1971 provision, Cal. Civ. Proc. Code § 428.10(a)). Under the post-1971 statute, a defendant could assert in a cross-complaint "any cause of action against any of the parties who filed the complaint or cross-complaint against him [or her]," regardless of whether the claims were related to those the suit was brought to advance. Cal. Code Civ. Proc. § 428.10(a) (1971). Case law referencing the pre-1971 statute treats "crossclaims" and "compulsory counterclaims" synonymously and does not explicitly acknowledge that since 1971 "crossclaim" refers to both factually-related and factually-unrelated counterclaims. Applying pre-1971 case law to the post-1971 crossclaim statute can lead to confusion, and error. *See ZF Micro Devices*, 5 Cal. App. 5th at 85 (detailing this confusion).

The California Supreme Court has not answered whether the post-1971 tolling rules apply to both compulsory and permissive counterclaims. Pre-1971 state appellate cases that seemingly limited the tolling doctrine to compulsory cross-claims are no longer controlling, because they cite the outdated statutory scheme and do not directly answer, either affirmatively or negatively, the tolling doctrine's applicability to permissive crossclaims. *See, e.g.*, *Trinidade v. Superior Court*, 29 Cal. App. 3d 857, 860 (1973); *see also Sidney v. Superior Court*, 198 Cal. App. 3d 710, 713-14 (1988) (relying on *Trinidade*).

To assess the tolling doctrine's scope, the court therefore looks to the state Supreme Court's generalized descriptions and explanations of the doctrine. For nearly a century, the state Court has characterized the tolling doctrine as embracing all crossclaims by a defendant against the plaintiff, without reference to their relatedness to the original complaint. As early as 1922, the Court had this to say, in describing the tolling doctrine broadly: "Ordinarily the statute of limitations will bar a cross-complaint in the same fashion as if the defendant had brought an independent action, unless the original complaint was filed before the statute of limitations on the

cross-complaint had elapsed." *Whittier v. Visscher*, 189 Cal. 450, 456 (1922) (citations omitted); s*ee also Perkins v. W. Coast Lumber Co.*, 120 Cal. 27, 28 (1989) ("the filing of the complaint suspends the running of the statute of limitations" on a counterclaim not time-barred when the action was commenced); *Jones v. Mortimer*, 28 Cal. 2d 627, 633 (1946) ("A counterclaim which is not barred by the statute of limitations at the commencement of the action in which it is pleaded does not become barred afterward during the pendency of the action, even though the statutory period has run when the counterclaim is pleaded"); *Union Sugar Co. v. Hollister Estate Co.*, 3 Cal. 2d 740, 746 (1935) ("the filing of the complaint operated to suspend the running of the statute of limitations as to any counterclaim existing at that date in favor of defendant"); *Liberty Mut. Ins. Co. v. Fales*, 8 Cal. 3d 712, 715, n.4 (1973) (citing *Whittier* to apply the same broad definition).

*ZF Micro Devices* remains the only post-1971 published state appellate decision to directly address whether the tolling doctrine applies to permissive cross-complaints, answering the question affirmatively. 5 Cal. App. 5th at 92 (tolling doctrine embraces all crossclaims by a defendant against the plaintiff, regardless of their relatedness to the claims in the complaint). The state Supreme Court declined to review it six months ago. *See id.* (review denied on Feb. 15, 2017).

If faced with the question today, the California Supreme Court would likely apply the tolling doctrine broadly to related and unrelated crossclaims. The court need not analyze how closely the counterclaim here relates to plaintiff's claims in her complaint. Plaintiff filed her complaint within the one-year statutory period, so De La Cruz's counterclaim is timely.

III. CONCLUSION

The court DENIES plaintiff's motion to dismiss De La Cruz's counterclaim. Plaintiff's answer is due within twenty-one days.

This order resolves ECF No. 39.

IT IS SO ORDERED.

DATED: August 16, 2017.

UNITED STATES DISTRICT JUDGE